UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CONNIE J. ARQUETTE, | ) |
| | ) No. CV-07-3051-CI |
| Plaintiff, | ) |
| | ) ORDER DENYING PLAINTIFF'S |
| v. | ) MOTION FOR SUMMARY JUDGMENT |
| | ) AND DIRECTING ENTRY OF |
| MICHAEL J. ASTRUE, | ) JUDGMENT FOR DEFENDANT |
| Commissioner of Social | ) |
| Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |

BEFORE THE COURT are cross-Motions for Summary Judgment (Ct. Rec. 24, 27.)  The parties have consented to proceed before a magistrate judge.  (Ct. Rec. 9.)  Attorney D. James Tree represents Plaintiff; Special Assistant United States Attorney Leisa A. Wolf represents Defendant.  After reviewing the administrative record and the briefs filed by the parties, the court **DENIES** Plaintiff's Motion for Summary Judgment and directs entry of judgment in favor of Defendant.

Plaintiff, who was 44 at the time of the hearing, protectively filed for disability insurance benefits and Supplemental Security Income (SSI) benefits on June 18, 2004, alleging an onset date June 3, 2004.  (Tr. 50, 83, 169.)  She claims disability due to slipped disc, lower back and leg pain, and anxiety/stress.  (Tr. 82.) Plaintiff was a widow with adult children, and had a 11th grade

education which included special education classes in reading and spelling. (Tr. 118, 169.) Plaintiff testified she had past work experience as a laundry worker, a hotel maid, a hospital cleaner, food service worker, and kitchen and dietary aide. (Tr. 183-87, 194-95.) She also testified she provided in-home care for her significant other who has diabetes and with whom she lives. (Tr. 188-89.) She stated she quit her last job because she did not get along with her supervisor. Now, because of back pain, she could walk for about one hour, sit one half hour to one hour at a time, and she suffers from headaches that she has had since she was a teenager. (Tr. 176, 181.) Following a denial of benefits and reconsideration, a hearing was held before Administrative Law Judge (ALJ) Mary Reed. (Tr. 167-99.) The ALJ denied benefits; review was denied by the Appeals Council. (Tr. 5-7.) This appeal followed. Jurisdiction is appropriate pursuant to 42 U.S.C. § 405(g).

## ADMINISTRATIVE DECISION

The ALJ concluded Plaintiff had not engaged in substantial gainful activity and was insured for disability benefits through December 31, 2008. (Tr. at 16.) At steps two and three, the ALJ found Plaintiff had the severe impairments of degenerative disc disease of the lumbar spine and headaches, but these impairments did not meet the requirements of 20 C.F.R. Part 404, Subp. P, Appendix 1 (Listings). (Tr. 17.) At step four, ALJ Reed made the following residual functional capacity (RFC) finding: "[C]laimant has the residual functional capacity to perform light work exertion with lifting and carrying 20 pounds occasionally and 10 pounds frequently. She is capable of sitting for 6 hours out of 8 hours with normal breaks; and standing/walking 6 hours out of an 8-hour

workday with normal breaks.  She should avoid climbing ladders, ropes and scaffolds and is limited to only occasional stooping." (Ct. 18.)  Based on the record and testimony from a vocational expert, the ALJ determined Plaintiff was capable of performing her past relevant work, as performed by Plaintiff, as a food service worker and hospital/dietary aide.  (Tr. 22.)  She concluded Plaintiff was not "disabled" as defined by the Social Security Act. (Tr. 23.)

## ISSUES

The question presented is whether there was substantial evidence to support the ALJ's decision denying benefits and, if so, whether that decision was based on proper legal standards. Plaintiff asserts the ALJ erred when she (1) failed to fully develop the record; (2) improperly found Plaintiff not credible; (3) improperly rejected the treating physician's testimony; and (4) failed to make an adequate step four analysis.  (Ct. Rec. 25 at 6.)

## STANDARD OF REVIEW

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Soc. Sec. Admin.* 169 F.3d 595, 599 (9th Cir. 1999).
>
> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DIRECTING ENTRY OF JUDGMENT FOR DEFENDANT - 3

ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

**SEQUENTIAL PROCESS**

Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the requirements necessary to establish disability:

> Under the Social Security Act, individuals who are "under a disability" are eligible to receive benefits. 42 U.S.C. § 423(a)(1)(D). A "disability" is defined as "any medically determinable physical or mental impairment" which prevents one from engaging "in any substantial gainful activity" and is expected to result in death or last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Such an impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Act also provides that a claimant will be eligible for benefits only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . " 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components.
>
> In evaluating whether a claimant suffers from a disability, an ALJ must apply a five-step sequential inquiry addressing both components of the definition, until a question is answered affirmatively or negatively in such a way that an ultimate determination can be made. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The claimant bears the burden of proving that [s]he is disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). This requires the presentation of "complete and detailed objective medical reports of h[is] condition from licensed medical professionals." *Id*. (citing 20 C.F.R. §§ 404.1512(a)-(b), 404.1513(d)).

**DISCUSSION**

1. Credibility

Plaintiff contends the ALJ erred in her credibility determination when she failed to give adequate reasons for rejecting Plaintiff's testimony. (Ct. Rec. 25 at 12-16.) Defendant responds

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DIRECTING ENTRY OF JUDGMENT FOR DEFENDANT - 4

1  that the ALJ gave legally sufficient, "clear and convincing" reasons
2  for discounting Plaintiff's subjective symptom complaints. (Ct.
3  Rec. 28 at 10-11.)

4      The ALJ must engage in a two-step analysis in deciding whether
5  to admit a claimant's subjective symptom testimony. *Smolen v.*
6  *Chater*, 80 F.3d 1273, 1281 (9ᵗʰ Cir. 1996). Under the first step,
7  the claimant must produce objective medical evidence of an
8  underlying "impairment," and must show that the impairment, or a
9  combination of impairments, "could reasonably be expected to produce
10 pain or other symptoms." *Cotton v. Bowen*, 799 F.2d 1403, 1405 (9ᵗʰ
11 Cir. 1986). Once the *Cotton* test is met, the ALJ must evaluate the
12 credibility of the claimant. *Smolen,* 80 F.3d at 1281-82. If there is
13 no affirmative evidence of malingering, the ALJ must provide "clear
14 and convincing" reasons for rejecting Plaintiff's pain and/or
15 symptom testimony. *Rollins v. Massanari*, 261 F.3d 853, 858 (9ᵗʰ Cir.
16 2001); *Smolen*, 80 F.3d at 1283-84. The ALJ may consider the
17 following factors when weighing the claimant's credibility:
18 "[claimant's] reputation for truthfulness; inconsistencies either in
19 [claimant's] testimony or between [his/her] testimony and [his/her]
20 conduct; [claimant's] daily activities; [his/her] work record; and
21 testimony from physicians and third parties concerning the nature,
22 severity, and effect of the symptoms of which [claimant] complains."
23 *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9ᵗʰ Cir. 1997). If the
24 ALJ's credibility finding is supported by substantial evidence in
25 the record, the court may not engage in second-guessing. *See*
26 *Morgan*, 169 F.3d at 600. If a reason given by the ALJ is not
27 supported by the evidence, the ALJ's decision may be supported under
28 a harmless error standard. *Curry v. Sullivan*, 925 F.2d 1127, 1131

(9th Cir. 1990) (applying the harmless error standard); *Booz v. Secretary of Health and Human Serv.*, 734 F.2d 1378, 1380 (9th Cir. 1984).

Here, after properly considering the objective medical evidence and finding it did not support the Plaintiff's testimony, the ALJ gave additional reasons for rejecting the severity alleged by Plaintiff. (Tr. 20-21.)  Specifically, the ALJ found the record included representations by Plaintiff that she provided in-home care for her significant other, who had a serious diabetes condition. (Tr. 20, 188.)  Plaintiff indicated she drove him to his doctor appointments, assisted him dressing, did the shopping and all of the household chores except mopping.  (Tr. 188-89.)  She also indicated she cooked, did crafts and models, crocheted, watched television, read, shopped and visited with friends and her sons regularly and spent about four hours daily at the computer playing games and e-mailing.  (Tr. 70, 189-92.)  The record in its entirety supports the ALJ's specific findings that Plaintiff's reported activities of daily living are inconsistent with her allegations of total disability.  When a claimant can spend a substantial part of his day engaged in the performance of physical activity which is transferable to a work setting, such a finding is sufficient to discredit allegations of disability.  *See Morgan,* 169 F.3d at 599-600 (*citing Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).

Further, the ALJ cited evidence of physician's reports that Plaintiff's symptoms were relieved with over the counter medication, that she had had sinus problems and headaches since she was a teenager and this had not prevented her from working.  The ALJ also noted there were significant periods during which she did not

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DIRECTING ENTRY OF JUDGMENT FOR DEFENDANT - 6

require any medication. (Tr. 20-21.) The ALJ's gave "clear and convincing" reasons to discount the severity of Plaintiff's symptom testimony. *Batson v. Comm. of the Soc. Sec. Admin.,* 359 F.3d 1190, 1196 (9th Cir. 2004).

2.    <u>ALJ's Duty to Develop the Record</u>

The ALJ found no evidence of a severe mental impairments, reasoning that "the record does not reflect the claimant has any mental impairment and her anxiety/stress appears to be short term and situational." (Tr. 17.) Plaintiff argues the ALJ had a duty to order a consultative examination to explore the possibility of mental impairments. (Ct. Rec. 25 at 9-10.) This argument is without merit.

In Social Security proceedings, the burden of proof is on the claimant to prove the existence of a severe physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. §§ 404.1508, 416.908. As a threshold to establishing an impairment, it is the claimant's responsibility to produce sufficient objective medical evidence of underlying impairment to show that the impairment, or a combination of impairments, "could reasonably be expected to produce pain or other symptoms." *Cotton*, 799 F.2d 1403.

Once medical evidence is provided by the claimant, the Regulations state the agency "will develop your complete medical history for at least the 12 months preceding the month in which you file your application unless there is a reason to believe that development of an earlier period is necessary." 20 C.F.R. § 404.1512 (d), 416.912 (d). An ALJ's duty to develop the record

further is triggered "only when there is ambiguous evidence or when the record is inadequate for proper evaluation of evidence." *Mayes v. Massanari*, 276 F.3d 453, 4509-60 (9th Cir. 2001) *(citing Tonapetyan v. Halter),* 242 F.3d 1144, 1150 (9th Cir. 2001)).   To further develop the record, the Commissioner may order consultative examinations at the agency's expense.   However, the Commissioner has "broad latitude in ordering a consultative examination," *Diaz v. Secretary of Health and Human Services*, 898 F.2d 774, 778 (10th Cir. 1990).   Consultative exams are purchased to resolve a conflict or ambiguities "if one exists."   20 C.F.R. § 404.1519a(2).   However, as explained by the Tenth Circuit, the claimant has the burden to raise the issue, *i.e.,* there must be sufficient objective evidence in the record to suggest the "existence of a condition which could have a material impact on the disability decision."   *Hawkins v. Chater*, 113 F.3d 1162, 1167 (10th Cir. 1997.)   "Isolated and unsupported comments by the claimant are insufficient, by themselves, to raise the suspicion of the existence of a nonexertional impairment." *Id*.

Here, Plaintiff argues there are "factors" in the record that establish a "likelihood of undeveloped mental health impairments." (Ct. Rec. 25 at 10.)   The ALJ, however, specifically found the record did not warrant additional consultative examinations.   She found Plaintiff's anxiety was short term and situational, and Plaintiff was neither prescribed medication for anxiety and/or stress, nor did she seek professional mental health treatment. (Tr. 17.)   The ALJ concluded any limitations caused by anxiety or stress had minimal impact on Plaintiff's ability to work.   These findings are supported reasonably by the record.

For example, examining physician Marie Ho, M.D., reported Plaintiff's stress was primarily related to money worries. (Tr. 118.) The record also confirms that treating physician Joseph Vicker, M.D., made no mention of significant mental impairments or concerns and did not prescribe medication for chronic anxiety. (Tr. 99-103, 149.) In October 2005, Dr. Holland at Dr. Vicker's office noted Plaintiff reported stress due to her relationship with her significant other, who had diabetes and pain issues. (Tr. 141.) Plaintiff reported she had trouble falling asleep due to this stress. Other purported evidence of an alleged mental impairment is based on Plaintiff's self-report, which as discussed above, was often inconsistent and properly found not fully credible by the ALJ. Plaintiff further stated in her written disability report that she gets along with people and has no problems with authority figures. (Tr. 72.) She also reported to Dr. Ho that she sometimes avoids people altogether, but she was not depressed or sad. (Tr. 118.)

As for cognitive abilities, Plaintiff testified she attended special education for spelling and reading in school, but now is able to read pretty well, with some comprehension problems. Plaintiff stated she had no problem remembering what she read if it is interesting. (Tr. 169-70.) None of the medical reports indicated significant cognitive deficiencies. Although Plaintiff indicated problems with math, and testified at the hearing she could not compute change at the store, she stated in her written report that she could use her checkbook, handle her savings account, count change and pay her bills. (Tr. 69, 171.) She also testified she was capable of computer work and craft modeling. Plaintiff's speculation that reasons exist that may establish "undeveloped

1  mental health impairments" is not sufficient to render the ALJ's

2  decision reversible.   As stated by the Tenth Circuit, the

3  Commissioner has broad latitude in deciding whether to order

4  additional medical examination at the agency's expense.  The record

5  in its entirety supports the ALJ Reed's determination that

6  additional examinations were not provided.

7  3.   <u>Treating Physician Opinion</u>

8      Plaintiff next argues the ALJ erred when she rejected Dr.

9  Vicker's opinion that Plaintiff would need to lie down during the

10  day due to headaches, had to elevate her legs to relieve swelling

11  and would miss four or more days of work per month.   Plaintiff

12  contends if these treating physician opinions were properly

13  credited, a finding of disability would be warranted. (Ct. Rec. 25

14  at 10-11.)

15      In a disability proceeding, the treating physician's opinion is

16  given special weight because of familiarity with the claimant and

17  her physical condition. *See Fair v. Bowen*, 885 F.2d 597, 604-05 (9th

18  Cir. 1989).   If the treating physician's opinions are not

19  contradicted, they can be rejected only with "clear and convincing"

20  reasons.   *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).  If

21  contradicted, the ALJ may reject the opinion if he states specific,

22  legitimate reasons that are supported by substantial evidence. *See*

23  *Flaten v. Secretary of Health and Human Serv*., 44 F.3d 1453, 1463

24  (9th Cir. 1995); *Fair*, 885 F.2d at 605.   While a treating

25  physician's uncontradicted medical opinion will not receive

26  "controlling weight" unless it is "well-supported by medically

27  acceptable clinical and laboratory diagnostic techniques," Social

28  Security Ruling 96-2p, it can nonetheless be rejected only for

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DIRECTING ENTRY OF JUDGMENT FOR DEFENDANT - 10

"'clear and convincing' reasons supported by substantial evidence in the record." *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001) (*quoting Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)). A treating physician's opinion "on the ultimate issue of disability" must itself be credited if uncontroverted and supported by medically accepted diagnostic techniques unless it is rejected with "clear and convincing" reasons. *Holohan*, 246 F.3d at 1202-03.

Historically, the courts have recognized conflicting medical evidence, the absence of regular medical treatment during the alleged period of disability, and the lack of medical support for a doctor's report based substantially on a claimant's subjective complaints, as specific, legitimate reasons for disregarding the treating physician's opinion. *See Flaten*, 44 F.3d at 1463-64; *Fair*, 885 F.2d at 604-05.

The rejection of a brief, conclusory opinion is not legal error. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) (upholding ALJ's rejection of treating physician's opinion as unsupported by rationale, objective medical findings, treatment notes, or even a clinical observation); *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992).

The opinions relied up on by Plaintiff are found in a two-page questionnaire completed by Dr. Vicker on July 5, 2006. (Tr. 137-38.)  Medical records indicate Dr. Vicker treated Plaintiff from February 2003 to January 2004 (Tr. 98-103) and April 26, 2005 to July 6, 2006. (Tr. 137-46.)  The ALJ summarized the medical evidence and found the limitations opined by Dr. Vicker were not consistent with other medical records, including the clinical examination by Dr. Marie Ho and Dr. Vicker's own clinical notes.

(Tr. 21.) Specifically, the ALJ found Dr. Vicker did very little actual examination and relied on Plaintiff's self-report, which as discussed above, was found unreliable. (*Id.*) This is a legitimate reason for rejecting a treating physician's opinion. *Fair*, 885 F.2d at 605. The ALJ also found Dr. Vicker's examinations on July 3 and March 14, 2006, did not include findings that would support the severe limitations indicated in the July 5, 2006, conclusory report. (Tr. 21.) The record indicates Dr. Vicker noted Plaintiff reported her headaches responded well to medication. (Tr. 144, 149.) Further, Dr. Holland, from Dr. Vicker's clinic, examined Plaintiff in October 2005 and noted elbow pain and leg swelling problems due to excessive salt intake. There was no indication that the swelling was more than a situational condition caused by Plaintiff's diet. (Tr. 141, 176.) In contrast to Dr. Vicker's opinions, the complete clinical examination by Dr. Ho, including radiology results, revealed objective medical evidence of normal gait, excellent range of motion in her back, normal neurological exam and no significant degenerative changes to the L-spine. (Tr. 120-24.) Dr. Ho found no restrictions in standing, walking, sitting or bending, and an ability to lift 25 pounds occasionally with no postural limitations. (Tr. 121.) The ALJ's reasons for giving Dr. Vicker's brief, unsupported opinions little weight are legally sufficient and supported by the record.

4. <u>Step Four - Past Relevant Work</u>

Plaintiff contends the hypothetical question posed to the vocational expert at step four did not include all of her limitations, and therefore the vocational expert's opinion that she could return to her prior work as a dietary aide as performed is not

1   supported by substantial evidence. (Tr. 195; Ct. Rec. 25 at 16-17.)

2   As discussed above, the ALJ did not err in her rejection of Dr.

3   Vicker's conclusory opinions regarding Plaintiff's limitations and

4   she did not err in finding Plaintiff's subjective complaints of

5   stress and anxiety insufficient to establish material mental

6   limitations.  The ALJ's RFC determination is supported by the record

7   in its entirety and represents a reasonable interpretation of the

8   evidence.  The ALJ did not err in relying on the vocational expert

9   testimony that Plaintiff retained the capacity to perform past work

10  as dietary aide.

**CONCLUSION**

12   The ALJ's findings are supported by substantial evidence and

13  free of legal error.  Accordingly,

14   **IT IS ORDERED:**

15   1.  Plaintiff's Motion for Summary Judgment **(Ct. Rec. 24)** is

16  **DENIED.**

17   2.  Defendant's Motion for Summary Judgment dismissal **(Ct.**

18  **Rec. 27)** is **GRANTED.**

19   3.  The District Court Executive is directed to file this

20  Order and provide a copy to counsel for Plaintiff and Defendant.

21  The file shall be **CLOSED** and judgment entered for Defendant.

22   DATED September 19, 2008.

24            S/ CYNTHIA IMBROGNO
          UNITED STATES MAGISTRATE JUDGE

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DIRECTING ENTRY OF JUDGMENT FOR DEFENDANT - 13